**FOX ROTHSCHILD LLP**
Corinne B. DeBerry, Esq. (202892016)
Kelly L. McNaughton, Esq. (376602022)
cdeberry@foxrothschild.com
212 Carnegie Center
Suite 400
Princeton, New Jersey 08540
Telephone:    609.896.3600
Facsimile:    609.896.1469
*Attorneys for Defendant, Evolution US LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MORGAN ELSTAD,<br><br>                        Plaintiff,<br><br>vs.<br><br>EVOLUTION US LLC, JOHN DOE(S) 1-10,<br><br>                        Defendant. | Civil Action No.<br><br><br><br>**<u>NOTICE OF REMOVAL</u>**<br>(Federal Question) |

TO:    THE HONORABLE JUDGES OF THE
       UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY

Defendant Evolution US LLC by and through their attorneys, Fox Rothschild LLP,

respectfully say:

1.      Plaintiff Morgan Elstad ("Plaintiff") commenced the above-captioned action on or

about January 23, 2025 by filing a Complaint in the Superior Court of New Jersey, Law

Division, Atlantic County entitled <u>Morgan Elstad v. Evolution US LLC</u>, Docket No. ATL-L-

000140-25. Said action is now pending in that Court.

2.      On February13, 2025, Plaintiff served a copy of the Summons and Complaint

upon Evolution US LLC.  Receipt of the Complaint on the date set forth above was each of these

defendants first receipt of a pleading containing a claim for relief asserted by Plaintiff that could be removed to this Court.  A copy of the Complaint is annexed hereto as <u>Exhibit</u> A.

3.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. § 1441, in that federal question jurisdiction exists as Plaintiff's Complaint is based, in part, on allegations that Defendants' conduct violated the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et. seq.*

4.      Since this Court has original jurisdiction over a federal question, it also maintains supplemental jurisdiction over Plaintiff's related state law claims.  <u>See</u> <u>Conoshenti v. Public Serv. Elec. & Gas Co.</u>, 364 F.3d 135, 140 (3d Cir. 2004); <u>Eli Lily & Co. v. Roussel Corp.</u>, 23 F. Supp. 2d 460, 467 (D.N.J. 1998).

5.      This Notice of Removal is filed within the time provided by 29 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

6.      Upon the filing of this Notice of Removal, Defendants shall give written notice thereof to David R. Castellani of Castellani Law Firm, LLC, attorneys for Plaintiff, and Defendants shall file copies of said Notice and Notice of Filing of Removal with the Court Clerk, Superior Court of New Jersey, Law Division, Atlantic County, New Jersey.

7.      By filing this notice, Defendants do not waive any defenses which may be available to them, specifically including, but not limited to, the absence of venue in this Court or in the Court from which this action has been removed.

8.      There are no other named defendants in this case who have been served, so no further consent for removal is needed.

WHEREFORE, Defendant removes the above-captioned action now pending against them in the Superior Court of New Jersey, Law Division, Atlantic County, to the United States

169275958

District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

**FOX ROTHSCHILD LLP**

By: _____
        Corinne B. DeBerry, Esq.
        *Attorneys for Defendant, Evolution US LLC*

Dated: March 17, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true copy of the foregoing Notice of Removal to be served on Plaintiff, via prepaid overnight express delivery (FedEx) and electronic mail to:

David R. Castellani, Esq.
Castellani Law Firm, LLC
450 Tilton Road, Suite 245
Northfield, NJ 08225

I hereby further certify that on this date I caused the Notice of Filing of Removal together with a copy of the Notice of Removal to be delivered for filing via Ecourts to:

Clerk, Superior Court of New Jersey
Law Division, Atlantic County
1201 Bacharach Blvd.
Atlantic City, New Jersey 08401

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct.  Executed on this 17th day of March, 2025

s/ *Corinne B. DeBerry*

Corinne B. DeBerry

169275958

# EXHIBIT A

**CASTELLANI LAW FIRM, LLC**
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

| | |
|---|---|
| MORGAN ELSTAD<br><br>        Plaintiff(s),<br><br><br>EVOLUTION US LLC, JOHN DOE(S) 1-10,<br><br><br><br>        Defendant(s), | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION- ATLANTIC COUNTY<br><br>DOCKET NO: ATL-L-<br><br><br>**<u>CIVIL ACTION</u>**<br><br>**COMPLAINT** |

Morgan Elstad currently residing in the City of Galloway, County of Atlantic, State of New Jersey by way of Complaint against the defendants says:

<u>FIRST COUNT</u>

1. Plaintiff Morgan Elstad was originally employed at the defendant Evolution US LLC as a Project Manager in January of 2022. Evolution US LLC is in the business of building and operating online casinos.

2. Throughout her employment, plaintiff received exceptional yearly reviews and never received any discipline.

3. As part of plaintiff's employment with the defendants, she was involved with "The Tropicana Project" relating to the expansion of the administrative office and gambling studio. Plaintiff was the Project Manager for that project.

4. In or around early September of 2024, plaintiff was included in an email chain with Anna Kudrjavceva – Chief of Property Studio Design (PSD) from Evolution Gaming LLC, Loren Garolofo – Sr. Project Manager from

Evolution Gaming LLC, Anatolijs Nikitenkovs – Head of PMO North America from Evolution Gaming LLC, and Connor Wayne – Sr. Project Manager from CBRE regarding the project known as Tropicana project. While she is unsure of the exact date CBRE became involved, it is evident that Anna and Anatolijs had been in communication with them prior to this correspondence. The defendants hired CBRE and an outside source to replace the construction project managers on this project.

5.  Initially, it appeared that Anna and Anatolijs were consulting only with Connor on issues related to the Roof Top Units and exploring solutions without plaintiff's knowledge or input. This lack of transparency contributed to delays in approvals, which were subsequently attributed to the plaintiff.

6.  In or around the middle to the end of September of 2024, Plaintiff's grandmother was hospitalized due to a sudden, undiagnosed condition that left her disabled within a very short timeframe. To this day, Plaintiff still has no answers about her diagnosis. This unexpected situation had created significant stress for plaintiff's family, and she had been using weekends and any available evenings to help care for her grandmother including cooking, cleaning, and shopping for groceries at her grandmother's home, where her family resides. Despite these personal family care demands, plaintiff continued prioritizing her responsibilities at work, often putting her own well-being aside. Eventually, the demands became overwhelming, impacting her ability to manage her work and personal responsibilities effectively. At this point, plaintiff began exploring the option of an FMLA leave.

7.  On or about Wednesday, October 16, 2024 plaintiff's primary project, the "Tropicana Project," was unexpectedly transferred to CBRE without any prior communication or notice. From plaintiff's understanding, Anna involved CBRE to assist in addressing issues related to the Roof Top Units.

8.  On or about Thursday, October 17, 2024 at 4:00pm, plaintiff attended a meeting with Connor from CBRE, along with Anna, Anatolijs, and the general contractor, Mike Weatherby, to provide all necessary information related to the project. Although plaintiff was not initially briefed on the meeting's objectives, the discussion primarily focused on the project's scope of work, timelines, and the issues that have contributed to delays, including the Roof Top Unit challenges and mold damage.

9.  On or about Sunday, October 27, 2024 at 8:24pm, plaintiff sent an email to HR (Group) and her direct manager, Loren, informing them of her intention to apply for FMLA and requesting their assistance in the process explaining her grandmother was hospitalized, and her condition became extremely serious. The night before her termination, plaintiff emailed her employer to inquire about taking FMLA leave to care for her grandmother.

10. On or about Monday, October 28, 2024 at 1:00pm, a meeting titled "Connecticut Crazy Time Update" was held to discuss updates on plaintiff's other project. During this meeting, plaintiff updated Anatolijs, PMO Manager for North America, and Loren, Sr. Project Manager, on the progress of ongoing projects. Following her update, Anatolijs informed plaintiff that it would be her last day working for the defendant Evolution US LLC, citing the

reason: "We are outside sourcing all construction projects." Thereafter, plaintiff received her Separation of Employment documentation, which did not match Anatolijs's stated reason for her termination and was not consistent with the same. The document plaintiff received indicated the reason for her termination was for "poor work performance."

11. The aforementioned conduct of the defendants and each of them in terminating plaintiff was in retaliation for her attempt to apply for FMLA and violated the Family Medical Leave Act and constituted an interference with and retaliation for plaintiff's assertion of her rights under the Family Medical Leave Act. Defendant's conduct was intentional and as such plaintiff is entitled to an award of punitive damages.

12. As a direct and proximate result of the conduct of the defendants as aforementioned, the plaintiff was wrongfully terminated from her employment with defendant Evolution US LLC, was caused to suffer loss of past wages, future wages emotional distress, mental anguish, and such other damages all to her detriment.

WHEREFORE, Plaintiff demands judgment against these defendants, jointly, severally and in the alternative for damages, punitive damages, interest, cost of suit, attorney's fees and such other relief as the court deems just and proper.

## SECOND COUNT

1. Plaintiff repeats the allegations set forth in Count One this Complaint as if fully set forth herein at length.

2. The aforementioned conduct of the defendants and each of them in terminating plaintiff for plaintiff's legitimate need and request of Family Medical Leave through Defendant Evolution US LLC and its agent/employee(s) violated the New Jersey Family Medical Leave Act and constituted an interference with, and retaliation for, plaintiff's assertion of her rights under the New Jersey Family Medical Leave Act. Defendants' conduct was intentional, and as such plaintiff is entitled to an award of punitive damages.

3. It is further alleged that the defendant's conduct in terminating the plaintiff's employment for requesting New Jersey Family Leave to take care of her grandmother was in retaliation for the plaintiff requesting her rights to take leave and interference with her right to take the New Jersey Family Medical Leave.

4. It is further alleged that the defendants and each of them discriminated against the plaintiff as a result of her attempt to leave work temporarily to care for her grandmother, a family member with a disability, and discriminated against the plaintiff by virtue of being associated with a family member with a disability, and terminating plaintiff for leaving work to care for her grandmother, all constituting associational disability discrimination in violation of the New Jersey Law Against Discrimination. It is further alleged that the conduct of defendants aforementioned constituted familial status

5

discrimination in violation of New Jersey's Law Against Discrimination as well as Family Caregiver Responsibility Discrimination.

5. Defendants' conduct in terminating the plaintiff from employment violated the New Jersey Family Leave Act, and constituted interference with plaintiff's asserting of her rights to take intermittent leave for her grandmother's medical condition, as well as retaliation for asserting these rights.

6. It is further alleged that the defendants' conduct to terminate plaintiff violated the New Jersey Law Against Discrimination as it relates to association with a family member with a disability, familial status and Family Caregiver Responsibility (FRD) status.

7. As a direct and proximate result of the conduct of the Defendants as aforementioned, the Plaintiff was wrongfully terminated from her employment, and was caused to suffer loss of past wages, future wages, and such other damages all to her detriment.

WHEREFORE, Plaintiff demands Judgment against these Defendants individually and jointly, severally, and in the alternative for compensatory damages, punitive damages, attorneys' fees, costs of suit, and such other relief as the Court deems just.

## THIRD COUNT

1. Plaintiff repeats the allegations set forth in Counts One and Two of this Complaint as if fully set forth herein at length.

2. At the aforesaid time and place, the defendant, John Doe(s) 1-10 fictitious name(s) (hereinafter referred to as John Doe), were an unknown person or persons

6

authorized to do business in the State of New Jersey, whose actions caused and/or contributed, directly or indirectly, to the damages suffered by the plaintiff.

3.     The plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals who may be responsible in whole or in part for the causation of plaintiff's damages. For the purpose of the within complaint, said individuals and business entities have been nominated as John Doe agents, servants and employees 1-10. The plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within complaint relative to additional Defendants when, and if, the identity of said individuals become known.

4.     As a direct and proximate result of the aforementioned carelessness and negligence of the defendants, John Doe agents, servants and employees 1-10 the plaintiff was caused emotional distress, mental anguish and such other damage all to his detriment in addition to the loss of past wages, future wages.

5.     The injury and damage suffered by the plaintiff as aforesaid is a personal injury meeting the requirements of one or more of the categories set forth in *N.J.S.A.* 39:6A-8(a), if said Statute is applicable to plaintiff's cause of action as set forth in this Complaint.

**WHEREFORE,** plaintiff demands Judgment against defendants, John Doe agents, servants and employees 1-10 of Evolution US LLC for damages, punitive damages plus interest, attorney fees and costs of suit.

## JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

## DEMAND PURSUANT TO RULE 4:17-1(b)(iii)

Pursuant to Rule 4:17-1(b)(ii), the plaintiff hereby demands Answers to Uniform

C and Uniform C(2) Interrogatories in lieu of service of the interrogatories themselves.

## DEMAND OR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to Rule 4:10-2(b) demand is hereby made that you disclose to the

undersigned whether there are any insurance agreements or policies under which any

person or firm carrying on an insurance business may be liable to satisfy all or part of a

Judgment which may be entered in the action or to indemnify or reimburse for payment

made to satisfy the Judgment. If so, please attach a copy of each, or in the alternative

state, under oath and certification: (a) policy number; (b) name and address of insurer; (c)

inception and expiration date; (d) name and address of all persons insured thereunder; (e)

personal injury limits; (f) property damage limits; and (g) medical payment limits.

## DESIGNATION OF TRIAL COUNSEL

David R. Castellani, Esquire, is hereby designated as trial counsel in this matter.

## CERTIFICATION UNDER RULE 4:5-1

I, David R. Castellani, Esquire, by certifying, pursuant to New Jersey Court Rule

4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of

any other action pending in any Court of the subject of any arbitration proceeding, and no

such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true and accurate to the

best of my knowledge. I am aware that if any of the foregoing statements made by me are

willfully false, I am subject to punishment for perjury.

_____
DAVID R. CASTELLANI, ESQUIRE
Attorneys for Plaintiff(s).

Date:_____

9

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-000140-25

**Case Caption:** ELSTAD MORGAN  VS EVOLUTION US LLC

**Case Initiation Date:** 01/23/2025

**Attorney Name:** DAVID ROCK CASTELLANI

**Firm Name:** CASTELLANI LAW FIRM, LLC

**Address:** 450 TILTON ROAD SUITE 245 NORTHFIELD NJ 08225

**Phone:** 6096412288

**Name of Party:** PLAINTIFF : Elstad, Morgan

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Morgan Elstad? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/23/2025
Dated

/s/ DAVID ROCK CASTELLANI
Signed